UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tyrone Miller,                                                 Civil No. 03-5429 (PAM/SRN)

          Plaintiff,

v.                                                            **ORDER**

Mike Hatch and State of Minnesota,

          Defendant.

---

This matter is before the Court on Plaintiff Tyrone Miller's Request for Reconsideration Pursuant to Federal Rule of Civil Procedure Rule 60(b)(1), subd. (3) & (4), as a Matter of Law. Along with his Request, Miller files two Petitions: (1) Informing the Court of Illegal Electronic Surveillance, and (2) to Alert the Court to Medical Fraud, Deceptive Diagnosis, Conspiracy to Cause Death.

The original Complaint in this case was filed on September 30, 2003. This Court dismissed the Complaint with prejudice in its February 2, 2004, Order. Judgment was entered that same day. The Court's dismissal was summarily affirmed by the Eighth Circuit Court of Appeals on December 10, 2004. Nearly four years later, beginning in August 2008, Miller began to file motions in the case again. Since August 2008, Miller has filed eleven motions and petitions with the Court, most asking the Court to reopen the case. The Court has issued four orders, each denying Miller's requests for reconsideration.

While filing with this Court, Miller simultaneously pursued his allegations in a case before another judge from this district, Judge John R. Tunheim. Miller v. State of Minnesota, Civ. No. 08-6555 (D. Minn.). Miller's allegations in both cases are largely similar. Judge

Tunheim dismissed Miller's Complaint on May 6, 2009. As in this case, Miller continued to file numerous frivolous motions after judgment was entered.

In his current request for reconsideration, Miller provides a more elaborate factual background than he has before. The facts provided, however, remain incomprehensible. Even under the most lenient standards, these facts do not overcome the high standard necessary for relief under Federal Rule of Civil Procedure 60. The Court stands by the reasoning contained in each of its four previous orders.

Miller's submissions are not only incomprehensible and bizarre, they are largely redundant. And while a pro se litigant has a right of access to the courts, that right does not provide an unrestricted opportunity to file frivolous or abusive documents. In re Tyler, 839 F.2d 1290 (8th Cir. 1998). Miller has been warned before that "'[f]rivolous . . . claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.'" Miller v. State of Minnesota, Civ. No. 08-6555, at *7 (D. Minn. Sept. 18, 2009) (Tunheim, J.) (citing Tyler, 839 F.2d at 1292).

It is within the discretion of this Court to place restrictions on any litigation who files non-meritorious actions and who repeatedly abuses the judicial process. Tyler, 839 F.2d at 1292-93. Given the nature and increasing frequency of the filings, the Court determines that it is necessary and appropriate to restrict Miller's ability to file in this case. Any written materials hereafter received from Miller and pertaining to this case will be presented to the Court without being filed. The Clerk of Court is instructed not to file or respond to any future submissions from Miller pertaining to this case, except as directed by the Court.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Request for Reconsideration (Docket No. 48) is **DENIED**;

2. To the extent they request relief, Plaintiff's Petitions (Docket Nos. 46, 47) are **DENIED**;

3. The Clerk of Court shall not file, or respond to, anything received from Tyrone Dwayne Miller and pertaining to this case, except as directed by the Court.

Dated: April 1, 2010

s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge